## WILLIAM KING
### v.
## ALEXANDER HANNAH.

1.  PROMISSORY NOTE—GUARANTY.—Where the guarantor of a promissory note has been compelled, by the default or neglect of the maker, to pay the same, the law will imply a request on the part of the maker to make the payment for him, and the guarantor has a right of action for money paid against the maker.

2.  CAUSE OF ACTION—WHEN IT ACCRUES.—Where judgment has been obtained against the guarantor of a note by the holder, the cause of action against the maker does not accrue to the guarantor until he has paid such judgment.

ERROR to the Circuit Court of DeWitt county; the Hon. CYRUS EPLER, Judge, presiding.   Opinion filed June 29, 1880.

Messrs. MOORE & WARNER, for plaintiff in error; that plaintiff has a right of action for money paid, cited 1 Chitty's Pl. 37, 350.

The action is not upon the note; the note and guaranty are only evidence:   Rodman v. Hedden, 10 Wend. 498; Golson v. Brand, 75 Ill. 148; Heaten v. Hulburt, 3 Scam. 489; Newlan v. Harrington, 24 Ill. 206; Hooker v. Gooding, 86 Ill. 60.

A declaration setting out the facts and averring that the note was paid by the guarantor, was sufficient:   McConnell v. Dickson, 43 Ill. 99; Powell v. Smith, 8 Johns. 249 ; Sneley v. Champlin, 4 Johns. 461; Whittenbry v. Mann, 11 Johns. 518; Brandt's Suretyship, 35.

Messrs. FULLER, GRAHAM & MONSON, for appellee; that the

cause of action became merged in the judgment, cited Wayman v. Cochrand, 35 Ill. 152.

Plaintiff should have declared upon the judgment: Runna-maker v. Cordray, 54 Ill. 303; Robertson v. Smith, 18 Johns. 459; Hogg v. Charlton, 25 Pa. St. 200.

Generally as to the right to be subrogated to the judgment obtained by the holder of the note: Jaques v. Fackney, 64 Ill. 87; City Nat. Bank v. Dudgeon, 65 Ill. 11; Constant v. Matteson, 22 Ill. 546; Brandt on Suretyship, 351.

If the original indebtedness merged in the judgment, the bar is complete: Wann v. McNulty, 2 Gilm. 355.

DAVIS, J.   This was an action of assumpsit commenced by plaintiff in error, against Alexander Hannah, to recover an amount of money paid, for which defendant was primarily liable.

The defendant in error and John Hannah, in the life-time of John Hannah, since deceased, executed their promissory note to plaintiff in error for $1,000, dated February 1, 1876, due in one year from date.

Before the maturity of the note, plaintiff in error indorsed the same to John Warner & Co., and also guaranteed its payment to them, or their order.

After the note matured and the makers had failed to pay the amount due, John Warner & Co. sued them and recovered a judgment against them for $676.77, the sum remaining due. At the same term of court, John Warner & Co. sued the plaintiff in error on his guaranty, and recovered a judgment against him for a like sum of money.   Executions were issued on both of the judgments and placed in the hands of the sheriff, who received from the plaintiff in error, the full amount of the judgment rendered against him.   To recover the amount so paid, this action was brought against the defendant, who was the only surviving maker of the note.

The case was tried by the court without a jury by agreement, and a judgment rendered against the plaintiff in error for costs, and to reverse this judgment, this writ of error was prosecuted.

The defendant in error claims that the suit against the ma-

kers of the note and this suit are for the same cause of action, and that two suits cannot be prosecuted to judgment on the same cause of action. Or in other words, that the cause of action on the note was merged in the judgment obtained against the makers by John Warner & Co., and therefore no cause of action, remained to the plaintiff to sustain this action. Undoubtedly the note was merged in the judgment obtained by Warner & Co. in their suit against Alexander and John Hannah, and no other recovery could be had upon it against the same parties But the cause of action in that suit is different from the one upon which the present action is based. That was an action brought by the indorsees of the note, upon the note to recover its amount from the maker. This is an action for money paid by plaintiff, who was originally the payee of the note, to recover from the surviving maker, the amount which he should have paid but which by his default, the plaintiff was legally compelled to and did involuntarily pay. Nor was the cause of action of plaintiff in this case, merged in either of the judgments previously obtained, because it had not then accrued to the plaintiff and did not accrue to him, until he paid the judgment which Warner & Co. had obtained against him on his guaranty of the note. Again, it did not merge, because a judgment in any case cannot work a merger, except as between parties to that action. 2, Parsons on Notes and Bills, 232.

In actions to recover for money paid, the general rule is laid down in Chitty on Contracts, page 594 as follows: "Where the plaintiff is compelled to pay the defendant's debt, in consequence of his neglect or omission so to do, the law infers that the defendant requested the plaintiff to make the payment for him, and gives him the action for money paid."

Thus in Pownal v. Ferrand, 6 Barnewall & Cresswell, page 439, it was held, that when the indorser of a bill, being sued by the holder, paid him part of the sum mentioned in the bill, he might recover the same from the acceptor in an action for money paid to his use, and in the case cited, the rule is also laid down as follows:

"The law is, that a party by voluntarily paying the debt of

King v. Hannah.

another does not acquire any right of action against that other; but if I pay your debt because I am forced to do so, then I may recover the same, for the law raises a promise on the part of the person whose debt I pay to re-imburse me. "

In MacDonald v. Bovington, 4 Durnford & East, 825, the plaintiff drew a bill of exchange for twenty pounds, on the defendant, which the latter accepted, and which afterwards got into the hands of Thompson, who recovered against the defendant as acceptor, and charged him in execution. The defendant having obtained his discharge under the Lords Act in that suit, Thompson then sued this plaintiff as drawer, and recovered the amount of the bill, on which the plaintiff sued the defendant on his acceptance, and charged him in execution. It was contended on a rule to discharge the defendant out of custody, that he had satisfied the debt by being charged in execution at the suit of Thompson, and that he was not liable to be sued again for the same sum. But Lord Kenyon, Ch. J., said nothing could be clearer than that this was not a satisfaction of the debt as between these parties, though it was as to Thompson. That it was a mere formal satisfaction even to the holder, not like actual payment. That this plaintiff, having been obliged to pay the amount of the bill, since the defendant was charged in execution at the suit of Thompson, had a right to have recourse to this defendant as acceptor, for that by his payment a new cause of action arose against the defendant which he might enforce without regard to what passed in the former action. In Cole v. Cushing, 8 Pickering, 47, the defendant made a negotiable note payable to her son, Thomas Cushing, to whom she was not indebted. He endorsed this note to the plaintiff, to whom he was indebted. The note came to the hands of Charles Whitmore, who brought suit thereon against the defendant and obtained judgment against her. Whitmore took out execution and committed the defendant to jail upon it.

The defendant objected to the plaintiff's recovery on three grounds. First, That at the time the suit was commenced and long after, the defendant was in jail on the Whitmore's execution, which the plaintiff knew; and while so in jail, the judgment was for the time being satisfied, and no action could be

brought against her for anything arising out of that judgment. Second. If any action could be maintained by the plaintiff upon the facts in the case, he could not maintain an action for money had and received. Third. By the indorsement made by Whitmore over Thomas Cushing's name, the plaintiff was discharged as indorser, and he could not by a voluntary payment to Whitmore entitle himself to an action against the defendant. But the court held that the plaintiff was liable as indorser to Whitmore, on whose execution the defendant was in prison. Nothing would discharge the plaintiff from Whitmore's claim upon him (admitting no laches) but a satisfaction of the judgment by the defendant. The plaintiff had a right to pay the debt and look to the defendant's property for his security; and, which is the second point in the case, had a right to this action of money had and received, as was decided in the case of Wild v. Fisher, 4 Pickering, 421. Judgment was accordingly given for plaintiff.

These authorities, and the case of Lipman v. Lowitz, 78 Ill. 255; Bailey on Bills, 354, and other authorities which might be cited, clearly sustain the right of plaintiff in error to maintain his suit, and the court below erred in giving judgment for the defendant. The judgment is therefore reversed and the cause remanded.

Judgment reversed.